**UNITED STATES of America, Plaintiff-Appellee,**

v.

**George Edward BLUE, Defendant-Appellant.**

**No. 17896.**

United States Court of Appeals, Seventh Circuit.

Oct. 16, 1970.

Rehearing Denied Nov. 5, 1970.

**1192**

James K. Sommer, Indianapolis, for defendant-appellant; Sommer, Tinkham, Barnard & Freiberger, Indianapolis, Ind., of counsel.

Michael G. Kelly, Criminal Division, Dept. of Justice, Washington, D. C., Stanley B. Miller, U. S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before DUFFY and KNOCH, Senior Circuit Judges, and KERNER, Circuit Judge.

DUFFY, Senior Circuit Judge.

Appellant was convicted of the crime of bank robbery. The evidence disclosed that three persons (two men and a woman) were involved in the robbery of a branch office of the Old National Bank of Evansville, Indiana. Their names were Wendell Pickering, Karan Husk and a Negro by the name of George Blue. The appellant herein is a Negro whose name is George Blue.

Prior to the appellant's trial below, Karan Fay Husk and Wendell Wayne Pickering, two of the persons named in the indictment, had pled guilty to participating in the robbery charged. Each was called as a witness for the Government. Husk identified the defendant Blue as being a participant in the robbery.

The Government's evidence showed that on July 11, 1968, at about 2:30 p. m., two armed men robbed the University Square office of the Old National Bank, Evansville, Indiana. Both men wore masks but two of the bank clerks testified that one of the robbers was a Negro. The other was described as light-skinned or white. Both men fled out the rear door of the bank and escaped in an automobile with $5,671 of bank funds. The automobile was found abandoned a short distance from the bank.

Miss Husk testified she participated in the robbery by driving one of the escape cars used, and that subsequently she had been convicted of the crime. She testified that Pickering had approached her asking if she wanted to make some money. Also, that Pickering had introduced her to the appellant, Blue, who, at that time, was clean shaven.[1] Later meetings were held at the home of Lillian Berry who is appellant's sister. Plans were made to rob a bank in Poole, Kentucky, and the two men and Miss Husk went to that community by automobile for that purpose, but the men decided not to attempt to rob that bank. They then proceeded to Evansville and the appellant announced they would rob the University Square branch bank in that city.

1. At the trial, appellant Blue wore a mustache and beard.

Upon appellant's instructions, Miss Husk drove the automobile she had "borrowed" and parked it approximately one half block from the bank. Blue and Pickering proceeded to the bank in the other vehicle. After the robbery, they used the same car briefly, then abandoned the car in which they were riding for the one in which Miss Husk was waiting. She observed that both men were armed and also that they had a sack of money which was divided when they reached Lillian Berry's home. After the division of the money, they separated.

Miss Husk testified that on the evening of the robbery, appellant Blue called her at her hotel, telling her that he had arranged for them to go to Chicago "because it was hot in town." The three participants of the robbery were driven to Chicago by an unknown man. Subsequently, Miss Husk surrendered to the F.B.I.

At the trial, Pickering was called as a witness by the Government, and was asked if he had ever known appellant Blue or if he saw him in Court. Pickering replied "Not that I recognize him, no."

In his testimony, Pickering also described the several meetings in the home of Lillian Berry where the three participants planned the robbery of the Poole Bank and also discussed the method of obtaining cars to be used in the robbery.

At the trial, Pickering testified he had met a Negro named George Blue in an Evansville bus station in July 1968, and that they made arrangements to meet that evening. Also, that later on that date, Pickering introduced Miss Husk to the same George Blue that he had met that morning at the bus station.

On redirect examination, the Government sought positive identification of the appellant as being the same man about whom Pickering had testified. Pickering answered he "couldn't swear to it, no"; that the appellant didn't "appear to be as big"; that the Blue he had met "was bigger; his face was full." He also testified the Blue who was in court didn't "appear to be as broad * * * as wide across the shoulders."

Appellant's sister testified that appellant had lived with her from June to July 11 or 12, 1968, that he may then have had a mustache but that he did not have a beard. Further, that on the day of the robbery the three were present in the morning, afternoon and evening at her home but the witness did not know the purpose of the meetings.

Witness Crenshaw identified the appellant as being the George Blue he knew in 1968 although at that time appellant had neither a beard nor a mustache.

Appellant Blue did not testify in his own behalf. He did present one witness who testified as to Miss Husk's character and reputation. On cross examination by the Government as to Miss Husk's reputation for truthfulness and veracity, the witness testified that Miss Husk could be believed.

Two points stressed by appellant are 1) since Pickering did not identify appellant as the Blue he dealt with, it is equivalent to testimony that he was not present at the robbery, and 2) that Pickering's testimony was hearsay. We think appellant is wrong on both counts.

■ It must have been quite apparent to the jury that at the trial Pickering did not wish to place the finger on appellant as the Blue with whom he had conferred. However, there was abundant other evidence that clearly pointed to appellant as the Blue who participated in the robbery. Testimony by Miss Husk and by appellant's own sister all indicated appellant's participation. It should be noted that while Pickering never positively identified Blue as his co-felon, at no time did he ever say that appellant was not the George Blue who participated in the robbery of the bank. Furthermore, Pickering did testify to a great many matters concerning the commission of the particular crime which is the subject of this trial. Such testimony was unquestionably competent. Under these circumstances, Pickering's testi-

mony was properly admitted. It was the province of the jury to determine the weight which they would give to his testimony in light of his refusal or inability to make the identification in court, and also in light of the independent evidence that pointed to appellant as being the Blue with whom Pickering had dealt.

■ Secondly, we hold that Pickering's testimony as to what he and Mr. Blue did together was not hearsay as is argued by appellant. It was direct evidence subject to cross examination. Lutwak v. United States, 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593 (1953).

■ Pickering's additional testimony as to his conversations with Blue was admissible because it constituted acts and declarations of the members of a co-partnership in crime during the continuation of its partnership and in furtherance of its common enterprise. Orser v. United States, 362 F.2d 580 (5 Cir., 1966). Some of the testimony may have been irrelevant, but certainly it was not hearsay.

■ Appellant argues there were several prejudicial errors in the instructions given by the Court to the jury. His first objection is that Instruction 17 with reference to the stolen automobile was reversible error. Appellant says the jury could have understood this instruction to mean if appellant Blue caused Husk and Pickering to acquire the auto, this could be construed as "participation by appellant in the bank robbery." We disagree.

The Court pointed out that the jury had to find a bank robbery occurred, and that it was committed by someone using a stolen automobile. The Court then told the jury they could consider whether Blue caused Miss Husk and Pickering to acquire the automobile. Then, contrary to appellant's argument, the jury was told to determine whether Blue had used the automobile in commission of the alleged robbery or, in the alternative, whether it was used in the commission of the robbery with his

guilty knowledge. The jury was further instructed that if they found the automobile was not used in the robbery they were to disregard all evidence that Blue caused the theft of the automobile. We think the instruction was not susceptible to the interpretation which was placed upon it by appellant. We find no error therein.

We also have considered appellant's objections to Instruction 14 on accomplice testimony and on Instruction 22 as to intimidation. We find no error therein.

Mr. James K. Sommer of the Indianapolis Bar was appointed to represent the defendant on this appeal. The Court wishes to thank him for his very able and vigorous representation of his client.

The judgment of conviction herein is Affirmed.